UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| WILLIAM PAYNE, | ) | |
| | ) | |
| Petitioner, | ) | No. 5:09-CV-65-KSF |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| WARDEN JOSEPH MEKO, | ) | |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court addresses the Petition for a Writ of Habeas Corpus filed by William Payne. DE #1 (Petition). The United States filed a Response. DE #6 (Response). The Court afforded Payne an opportunity to reply and further granted his request for an extension of time in which to do so. DE ##7, 14 (Orders). Payne failed to reply within the time allowed, and the matter is ripe for decision. *See* DE #18 (Order).

I.  BACKGROUND

Kentucky incarcerates Payne under a 1994 conviction for, *inter alia*, first-degree rape, first-degree sodomy, and first-degree persistent felony offender ("PFO") status. DE ## 1 (Petition), at 1; 6 (Response), at 2. The Madison Circuit Court imposed a 52-year sentence at the time, following Payne's guilty plea. DE #6-3, at 18-21 (Final Judgment and Sentence of Imprisonment). Payne appealed that court's refusal to permit guilty plea withdrawal, and the Kentucky Supreme Court affirmed in late 1994. DE #6-4, at 52-59 (Memorandum Opinion). Since that determination, Payne (in late 2007, DE #6-5, at 1-17 (Motion)) unsuccessfully pursued a CR 60.02 filing in the sentencing court. DE #6-5, at

18-19 (Order). Payne filed this federal petition in early 2009, a full fifteen years after the state judgment became final.

The Commonwealth responded and seeks dismissal under the applicable statute of limitations. DE #6. Payne had an opportunity to address timeliness issues, *see* DE ##7, 14, but he did not file a reply to the Commonwealth's response. *See* DE #18. Under AEDPA's timeliness standards, the Court must recommend **DENIAL** of the writ.

II.   **STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA" or "Act") created a one-year statute of limitations for § 2254 motions. *See* 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through exercise of due diligence.

*Id*.

Importantly, AEDPA went into effect on April 24, 1996. Habeas petitioners "whose state convictions were concluded by direct review before AEDPA's effective

date . . . are afforded a one-year grace period, until April 24, 1997, in which to file a habeas petition." *Turner v. Mills*, 219 F. App'x 425, 427 (6th Cir. 2007) (citing *Griffin v. Rogers*, 399 F.3d 626, 632 (6th Cir. 2005)). AEDPA tolls its limitation period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). However, if the limitation period already has expired, a later state post-conviction filing will not affect the lapsed status of any claim. *See Brown v. Haviland*, 23 F. App'x 244, 245 (6th Cir. 2001) ("The limitations period expired on April 24, 1997, because no state post-conviction proceedings were pending within one year following the effective date of the AEDPA."); *Ross v. Berghuis*, 417 F.3d 552, 554 (6th Cir. 2005) ("Ross's March 1999 application for state postconviction relief did not toll the limitations period, because he applied after the AEDPA limitations period ended.").

### III. ANALYSIS

Nothing in this record suggests the need to consider subsections (B)-(D) of § 2244(d)(1). That is, Payne claims no new constitutional right, no impediment to timely filing, and no discovery of a previously unknown factual predicate. Indeed, the Petition trumpets that Payne has sought justice on the validity of Kentucky's PFO calculus from the time of the judgment. DE #1, at 13 ("I have tried for 15 years to get the courts to recognize the error made in the PFO proceedings.").

Finality, per § 2244(d)(1)(A), involves "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Supreme Court of Kentucky rejected the direct appeal on December 22, 1994. Payne did not seek a writ of certiorari from the United States Supreme Court, and the opportunity to

seek such relief expired in the spring of 1995. Thus, Payne's judgment was final when AEDPA came into being in 1996, and Payne had until one year after the effective date of the Act to file a timely habeas petition here. He did not do so, and his action now is time-barred.

Nor does Payne raise any type of equitable tolling theory. He generically objected, in the Petition, to AEDPA application, but Petitioner presents no cognizable equitable tolling argument. The AEDPA statute of limitations is not jurisdictional; therefore, equitable tolling is permissible in some circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (citing *Day v. McDonough*, 126 S. Ct. 1675, 1681 (2006)); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). However, the doctrine applies "sparingly," and the burden is on the defendant to prove its applicability. *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). In evaluating whether to toll the AEDPA limitation period, the Supreme Court has remarked, "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005). To this end, the Sixth Circuit considers the following five factors: (1) the movant's lack of notice of the filing requirement; (2) the movant's lack of constructive knowledge of the filing requirement; (3) diligence; (4) absence of prejudice to the respondent; and (5) the movant's reasonableness in remaining ignorant of the legal requirement to file the claim. *Allen*, 366 F.3d at 401. Courts also evaluate a case for the existence of "extraordinary circumstances" sufficient to warrant equitable tolling. *United States v. Stone*, 68 F. App'x

563, 565-66 (6th Cir. 2003). The proper inquiry is case-by-case and fact-based. *Holland*, 130 S. Ct. at 2562-63.

Nothing in the record suggests that Petitioner lacked actual or constructive notice of the filing requirement under § 2254; nor does the Court find any evidence of reasonable ignorance of the legal requirement to file the claim. Payne new of the argument he here pursues from the moment of sentencing in 1994. He took no formal litigation steps whatsoever between judgment finality (1995) and the CR 60.02 filing (2007). Payne, who again filed no reply to the Commonwealth's brief contesting timeliness, fails to justify equitable tolling.[1]

IV. **CERTIFICATE OF APPEALABILITY**

A Certificate of Appealability may issue where a petition has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of … claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). To obtain a Certificate of Appealability for a dismissal on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether

---

[1] The Court does not address the Commonwealth's alternative procedural default argument. The clarity of the AEDPA timeliness disposition makes the alternative analysis unnecessary.

the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S. Ct. at 1604.

Payne fails to make the requisite showings under *Slack*. Payne's conviction was final in 1995, and he had until April 24, 1997, to file a petition under the subsequently-enacted AEDPA. He makes no valid argument that equitable tolling should apply. His petition inarguably is time-barred. The District Judge should deny a Certificate of Appealability.

## V. RECOMMENDATION

For the reasons discussed above, the Court **RECOMMENDS** that the District Court **DENY** Payne's petition and not issue a Certificate of Appealability.

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 20th day of September, 2011.

Signed By:
Robert E. Wier
United States Magistrate Judge