UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-65-KSF

WILLIAM PAYNE                                                                                     PETITIONER

V.                                                    **ORDER**

JOSEPH MEKO, Warden                                                     RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \*

On February 25, 2009, the petitioner, William Payne, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE #1], challenging his 1994 conviction in Madison Circuit Court. Consistent with local practice, this matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On September 20, 2011, the Magistrate Judge filed his report and recommendation [DE #19]. Because the petitioner failed to file his habeas petition within one year from "the conclusion of direct review or the expiration of the time for seeking such review," the Magistrate Judge determined that the petitioner's claim was barred by the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2244(d)(1)(A). Additionally, the Magistrate Judge concluded that the petitioner failed to raise any equitable tolling theory. Consequently, the Magistrate Judge recommends that the petitioner's petition be denied and that a certificate of appealability not issue.

The petitioner failed to file any objections to the Magistrate Judge's report and recommendation, and the time for filing the same has passed. Although this Court must make a *de*

*novo* determination of those portions of the Magistrate Judge's report and recommendation to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections with the Court to a Magistrate Judge's report and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, the Court, having examined the record and having made a *de novo* determination, is in agreement with the Magistrate Judge's report and recommendation.

In determining whether a certificate of appealability should issue as to the petitioner's claim, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Id. at 484. In the present case, the Court determines that the petitioner has not presented a close call or one which is "debatable" and a certificate of appealability will not issue.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that:

(1)  the Magistrate Judge's report and recommendation [DE #19] is **ADOPTED** as and for the opinion of the Court;

(2)  the petitioner's petition for a writ of habeas corpus [DE #1] is **DISMISSED WITH PREJUDICE**;

(3) A Certificate of Appealability **SHALL NOT ISSUE**; and

(4) judgment will be entered contemporaneously with this order.

This October 18, 2011.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge